IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| MICROUNITY SYSTEMS ENGINEERING, INC., a California corporation, | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. 10-91 |
| (1) ACER INC., a Republic of China corporation, (2) ACER AMERICA CORPORATION, a California corporation, (3) APPLE, INC., a California corporation, (4) AT&T INC., a Delaware corporation, (5) AT&T MOBILITY LLC, a Delaware limited liability company, (6) CELLCO PARTNERSHIP, a Delaware partnership, (7) EXEDEA, INC., a Texas corporation, (8) GOOGLE INC., a Delaware corporation, (9) HTC CORPORATION, a Republic of China corporation, (10) HTC AMERICA, INC., a Texas corporation, (11) LG Electronics, Inc., a Korean limited company, (12) LG Electronics Mobilecomm U.S.A.,Inc., a California corporation, (13) MOTOROLA, INC., a Delaware corporation, (14) NOKIA CORPORATION a Finnish corporation, (15) NOKIA INC., a Delaware corporation, (16) PALM, INC., a Delaware corporation, (17) QUALCOMM INC., a Delaware corporation, (18) SAMSUNG ELECTRONICS CO., LTD., a Korean limited company, (19) SAMSUNG, SEMICONDUCTOR INC., a California corporation, (20) SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, (21) SPRINT NEXTEL CORPORATION, a Kansas corporation, (22) TEXAS INSTRUMENTS INC., a Delaware corporation, | § § § § § § § § § § § § § § § § § § § § § § § § § | JURY |
| Defendants. | | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff MicroUnity Systems Engineering, Inc., for its complaint against Defendants Acer,

Inc., Acer America Corporation, Apple, Inc., AT&T Inc., AT&T Mobility LLC, Cellco Partnership,

Exedea, Inc., Google Inc., HTC Corporation, HTC America, Inc., LG Electronics, Inc., LG

Electronics Mobilecomm U.S.A., Inc., Motorola, Inc., Nokia Corporation, Nokia Inc., Palm, Inc., Qualcomm Inc., Samsung Electronics Co., LTD., Samsung Semiconductor, Inc., Samsung Telecommunications America, LLC, Sprint Nextel Corporation, and Texas Instruments Inc., alleges:

## THE PARTIES

1.      MicroUnity Systems Engineering, Inc. ("MicroUnity") is a corporation duly organized and existing under the laws of the State of California, with its principal place of business at 376 Martin Avenue, Santa Clara, CA 95050.

2.      MicroUnity is informed and believes, and on that basis alleges, that Defendant Texas Instruments Inc. ("TI") is a corporation duly organized and existing under the laws of the state of Delaware, with its principal place of business at 12500 TI Blvd., Dallas, TX 75226; that TI has developed, manufactures, and sells its OMAP3 series of processors to the suppliers of cell phones and other products; that TI has announced that it is developing its OMAP4 series of processors; that OMAP3 and OMAP4 processors are designed, used, offered for sale and sold in this district; and that products implementing such processors are designed, used, offered for sale and sold in this district and throughout the United States and imported into the United States.

3.      MicroUnity is informed and believes, and on that basis alleges, that Defendant Qualcomm, Inc. ("Qualcomm") is a corporation duly organized and existing under the laws of the state of Delaware, with its principal place of business at 5775 Morehouse Drive, San Diego, CA 92121; that Qualcomm has developed, manufactures, and sells its Snapdragon series of processors, including but not limited to its QSD8250 processors, to the suppliers of cell phones and other products; and that products implementing such processors are used, offered for sale and sold in this district and throughout the United States and imported into the United States.

4.      MicroUnity is informed and believes, and on that basis alleges, that Defendant Samsung Electronics Co., Ltd. ("Samsung") is a public limited company duly organized and existing

2

under the laws of South Korea, with its principal place of business at #24 Nongseo-Dong, Kiheung-

Gu, Yongin-City, Kyunggi-Do, Korea; that Defendant Samsung Semiconductor, Inc., ("SSI") is a

wholly owned subsidiary of Samsung, and is a corporation duly organized and existing under the

laws of the state of California, with its principal place of business at 3655 N. 1st St., San Jose, CA

95134; that Samsung and SSI have developed, manufacture, and sell processors such as the S5PC100

to the suppliers of cell phones and other products; and that products implementing such processors

are used, offered for sale and sold in this district and throughout the United States and imported into

the United States.

5.     MicroUnity is informed and believes, and on that basis alleges, that Defendant

Motorola, Inc. ("Motorola") is a corporation duly organized and existing under the laws of the state

of Delaware, with its principal place of business at 1303 E. Algonquin Rd., Schaumburg, IL 60196;

and that cell phones such as the Droid are manufactured by Motorola and are used, offered for sale

and sold in this district and throughout the United States and imported into the United States by

Motorola.

6.     MicroUnity is informed and believes, and on that basis alleges, that Defendant

Nokia Corporation is a corporation duly organized and existing under the laws of Finland, with its

principal place of business at Keilalahdentie 2-4, Espoo, Fl-02-150, Finland; and that Defendant

Nokia Inc. is a wholly owned subsidiary of Nokia Corporation, and is a corporation duly organized

and existing under the laws of the state of Delaware, with its principal place of business at 6000

Connection Drive, Irving, TX 75039.   Nokia Corporation and Nokia Inc. are individually and

collectively referred to herein as "Nokia."   MicroUnity is informed and believes, and on that basis

alleges, that cell phones such as the N900 are manufactured by Nokia and are used, offered for sale

and sold in this district and throughout the United States and imported into the United States by Nokia.

7.     MicroUnity is informed and believes, and on that basis alleges, that Defendant Palm, Inc. ("Palm") is a corporation duly organized and existing under the laws of the state of Delaware, with its principal place of business at 950 W. Maude Ave., Sunnyvale, CA 94085; and that cell phones such as the Pre are manufactured by Palm and are used, offered for sale and sold in this district and throughout the United States and imported into the United States by Palm.

8.     MicroUnity is informed and believes, and on that basis alleges, that Defendant Samsung Telecommunications America, LLC, ("STA") is wholly owned by Samsung, and is a limited liability company duly organized and existing under the laws of the state of Delaware, with its principal place of business at 1301 East Lookout Drive, Richardson, Collin County, TX 75082; that Samsung and STA manufacture cell phones such as the Galaxy Spica GT-i5700 and OmniaHD i8910; and that such cell phones are used, offered for sale and sold in this district and throughout the United States and imported into the United States by Samsung and STA.

9.     MicroUnity is informed and believes, and on that basis alleges, that Defendant Acer Inc. is a corporation duly organized and existing under the laws of the Republic of China (Taiwan), with its principal place of business at 8F, 88, Sec. 1, Hsin Tai Wu Rd., Hsichih, Taipei 221, Taiwan, ROC; and that Defendant Acer America Corporation is a wholly owned subsidiary of Acer Inc., and is a corporation duly organized and existing under the laws of the state of California, with its principal place of business at 333 W. San Carlos St., Ste. 1500, San Jose, CA 95110.  Acer Inc. and Acer America Corporation are individually and collectively referred to herein as "Acer." MicroUnity is informed and believes, and on that basis alleges, that cell phones such as the Liquid A1 and

neoTouch are manufactured by Acer and are used, offered for sale and sold in this district and throughout the United States and imported into the United States by Acer.

10.     MicroUnity is informed and believes, and on that basis alleges, that Defendant HTC Corporation, also known as High Tech Computer Corporation, is a public limited liability company duly organized and existing under the laws of the Republic of China, with its principal place of business at 23 Xinghua Rd., Taoyuan 330, Taiwan, Republic of China; that Defendant HTC America, Inc. is a wholly owned subsidiary of HTC Corporation, through an intermediary corporation, and is a corporation duly organized and existing under the laws of the state of Texas, with its principal place of business at 13920 SE Eastgate Way, Suite 400, Bellevue, WA 98005; and that Exedea, Inc., is a wholly owned subsidiary of HTC Corporation, through an intermediary corporation, and is a corporation duly organized and existing under the laws of the state of Texas, with its principal place of business at 5950 Corporate Drive, Houston, Texas 77036. HTC Corporation, HTC America, Inc. and Exedea are individually and collectively referred to herein as "HTC."

11.     MicroUnity is informed and believes, and on that basis alleges, that Defendant Google Inc. ("Google") is a corporation duly organized and existing under the laws of the state of Delaware, with its principal place of business at 1600 Amphitheatre Pkwy., Mountain View, CA 94043; that HTC manufactures and Google sells cell phones such as the Nexus One; that such cell phones are used, offered for sale and sold in this district and throughout the United States and imported into the United States by Google and HTC; and that Google makes software for Nexus One and other cell phones that is used, offered for sale and sold in this district and throughout the United States and imported into the United States by Google.

5

12.     MicroUnity is informed and believes, and on that basis alleges, that Defendant LG Electronics, Inc., is a public limited company duly organized and existing under the laws of South Korea, with its principal place of business at LG Twin Towers, 20 Yeouido-dong, Yeoungdeungpo-gu, Seoul, 150-7-21, South Korea; and that Defendant LG Electronics Mobilecomm U.S.A., Inc. is a wholly owned subsidiary of LG Electronics, Inc., and is a corporation duly organized and existing under the laws of the state of California with its principal place of business at 10101 Old Grove Road, San Diego, CA 92131. LG Electronics, Inc. and LG Electronics Mobilecomm U.S.A., Inc. are individually and collectively referred to herein as "LG." MicroUnity is informed and believes, and on that basis alleges, that LG manufactures and sells cell phones such as the eXpo and IQ; and that such cell phones are used, offered for sale and sold in this district and throughout the United States and imported into the United States by LG.

13.     MicroUnity is informed and believes, and on that basis alleges, that Defendant Apple, Inc. ("Apple") is a corporation duly organized and existing under the laws of the state of California, with its principal place of business at 1 Infinite Loop, Cupertino, CA 95014; that Apple manufactures and sells products such as the iPhone 3GS cell phone and iPod Touch 32 and 64GB ("iPod Touch 3G") and provides software for such products; and that such cell phones and other products and software are used, offered for sale and sold in this district and throughout the United States and imported into the United States by Apple.

14.     MicroUnity is informed and believes, and on that basis alleges, that Defendant Cellco Partnership ("Verizon"), doing business as Verizon Wireless, is a general partnership, duly organized and existing under the laws of the state of Delaware, between Verizon Communications Inc., a corporation duly organized and existing under the laws of the state of Delaware, and Vodafone Group Plc, a public liability company duly organized and existing under the laws of the

United Kingdom, with Verizon's principal place of business at 1 Verizon Way, Basking Ridge, NJ 07920; that Verizon sells cell phones such as the Motorola Droid and Palm Pre and other products, and services utilizing and software utilized by such products; and that such cell phones and other products, services and software are used, offered for sale and sold in this district and throughout the United States and imported into the United States by Verizon.

15.     MicroUnity is informed and believes, and on that basis alleges, that Defendant Sprint Nextel Corporation ("Sprint") is a corporation duly organized and existing under the laws of the state of Kansas, with its principal place of business at 6500 Sprint Pkwy., Overland Park, KS 66251; that Sprint sells cell phones and other products such as the Palm Pre, and services utilizing and software utilized by such products; and that such cell phones and other products, services and software are used, offered for sale and sold in this district and throughout the United States and imported into the United States by Sprint.

16.     MicroUnity is informed and believes, and on that basis alleges, that Defendant AT&T Inc. is a corporation duly organized and existing under the laws of the state of Delaware, with its principal place of business at 208 S Akard St., Dallas, TX 75201; and that Defendant AT&T Mobility LLC is wholly owned by AT&T Inc., and is a limited liability company duly organized and existing under the laws of the state of Delaware, with its principal place of business at 5565 Glenridge Connector, Atlanta, GA 30342. AT&T Inc. and AT&T Mobility LLC are individually and collectively referred to herein as "AT&T."  MicroUnity is informed and believes, and on that basis alleges, that AT&T sells cell phones and other products such as the LG eXpo and IQ and Apple iPhone 3GS, and services utilizing and software utilized by such products; and that such cell phones and other products, services and software are used, offered for sale and sold in this district and throughout the United States and imported into the United States by AT&T.

## JURISDICTION AND VENUE

17.    The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.* Venue is proper in this Federal District pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1400(b) in that the defendants reside in this district, a substantial part of the events giving rise to the claim occurred in this district, and the defendants have a regular and established place of business in this district and have committed acts of infringement in this district.

18.    This case is related to, and involves some of the same patents involved in prior actions, *MicroUnity Systems Engineering, Inc. v. Intel Corporation and Dell, Inc.*, C.A. No. 2-04CV-120; *MicroUnity Systems Engineering, Inc. v. Sony Computer Entertainment America Inc.*, C.A. No. 2-05CV-505; *MicroUnity Systems Engineering, Inc. v. Advanced Micro Devices, Inc.*, C.A. No. 2-06CV-486, all of which were filed in the United States District Court for the Eastern District of Texas, Marshall Division.

## INFRINGEMENT OF U.S. PATENT NO. 5,737,547 C1

19.    On April 7, 1998, United States Patent No. 5,737,547 (the "'547 patent") was duly and legally issued for an invention entitled "System for Placing Entries of an Outstanding Processor Request into a Free Pool After the Request Is Accepted by a Corresponding Peripheral Device." MicroUnity was assigned the '547 patent and continues to hold all rights and interest in the '547 patent. A true and correct copy of the '547 patent is attached hereto as Exhibit **A**.

20.    The '547 patent has been the subject of a reexamination proceeding, reexamination request number 90/008,236, in which the patentability of claims 10-16, 19 and 20 is confirmed, claims 4-7, 18 and 21-25 are determined to be patentable as amended, claims 8, 9, 17, 26 and 27 are dependent on an amended claim and are determined to be patentable, claims 28-48 have been added

and are determined to be patentable, and claims 1-3 are canceled. A copy of Reexamination Certificate 5,737,547 C1 is attached hereto as Exhibit B.

21.     TI and Qualcomm have infringed and continue to infringe one or more of the claims of the '547 patent by their manufacture, use, sale, importation, and/or offer to sell their infringing processors, including but not limited to TI's OMAP3 and OMAP4 series processors and Qualcomm's Snapdragon processors. TI and Qualcomm are liable for their infringement of the '547 patent pursuant to 35 U.S.C. § 271.

22.     Motorola, Nokia, Palm, Samsung, STA, Acer, HTC, Google and LG have infringed and continue to infringe one or more of the claims of the '547 patent by their manufacture, use, sale, importation, and/or offer to sell their infringing cell phones and other products, including but not limited to the Motorola Droid, Nokia N900, Palm Pre, Samsung Galaxy Spica GT-i5700 and OmniaHD i8910, Acer Liquid A1 and neoTouch, Google/HTC Nexus One, and LG eXpo and IQ. Motorola, Nokia, Palm, Samsung, STA, Acer, HTC, Google and LG are liable for their infringement of the '547 patent pursuant to 35 U.S.C. § 271.

23.     Verizon, AT&T and Sprint have infringed and continue to infringe one or more of the claims of the '547 patent by their use, sale, importation, and/or offer to sell infringing cell phones and other products. Verizon, AT&T and Sprint are liable for their infringement of the '547 patent pursuant to 35 U.S.C. § 271.

24.     TI, Qualcomm, Motorola, Nokia, Palm, Samsung, STA, Acer, HTC, Google, LG Verizon, AT&T and Sprint's acts of infringement have caused damage to MicroUnity, and MicroUnity is entitled to recover from TI, Qualcomm, Motorola, Nokia, Palm, Samsung, STA, Acer, HTC, Google, LG Verizon, AT&T and Sprint the damages sustained by MicroUnity as a result of their wrongful acts in an amount subject to proof at trial. TI, Qualcomm, Motorola, Nokia, Palm,

Samsung, STA, Acer, HTC, Google, LG Verizon, AT&T and Sprint's infringement of MicroUnity's exclusive rights under the '547 patent will continue to damage MicroUnity, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

25.     MicroUnity is informed and believes, and on that basis alleges, that TI, Samsung and Motorola have had communications and contact with MicroUnity and are fully aware of MicroUnity's technology and patent portfolio including the '547 patent; that TI, Samsung and Motorola have proceeded to infringe the '547 patent with full and complete knowledge of the patent and its applicability to their products without any attempt to take a license under the '547 patent and without a good faith belief that the '547 patent is invalid or not infringed, and thus TI, Samsung and Motorola's infringement of the '547 patent is willful and deliberate, entitling MicroUnity to increased damages under 35 U.S.C. § 284 and to attorney's fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.   MicroUnity reserves the right to allege, after discovery, that the remaining defendants' infringement of the '547 patent is willful and deliberate, entitling MicroUnity to increased damages under 35 U.S.C. § 284 and to attorney's fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## INFRINGEMENT OF U.S. PATENT NO. 5,742,840

26.     On April 21, 1998, United States Patent No. 5,742,840 (the "'840 patent") was duly and legally issued for an invention entitled "General Purpose, Multiple Precision Parallel Operation, Programmable Media Processor." MicroUnity was assigned the '840 patent and continues to hold all rights and interest in the '840 patent.   A true and correct copy of the '840 patent is attached hereto as Exhibit C.

27.     The '840 patent has been the subject of a reexamination proceeding, reexamination request number 90/007,583, in which the patentability of claim 11 is confirmed, claim 1 is

determined to be patentable as amended, claims 2-6, 8 and 9 are dependent on an amended claim and are determined to be patentable, and claims 7 and 10 are canceled. A notice of intent to issue a reexamination certificate has been issued by the Patent Office, and receipt of the reexamination certificate is pending.

28.   TI, Samsung, SSI and Qualcomm have infringed and continue to infringe one or more of the claims of the '840 patent by their manufacture, use, sale, importation, and/or offer to sell their infringing processors, including but not limited to TI's OMAP3 and OMAP4 series processors, Samsung and SSI's S5PC100 processors, and Qualcomm's Snapdragon processors. TI, Samsung, SSI and Qualcomm are liable for their infringement of the '840 patent pursuant to 35 U.S.C. § 271.

29.   Motorola, Nokia, Palm, Samsung, STA, Acer, HTC, Google, LG and Apple have infringed and continue to infringe one or more of the claims of the '840 patent by their manufacture, use, sale, importation, and/or offer to sell their infringing cell phones and other products, including but not limited to the Motorola Droid, Nokia N900, Palm Pre, Samsung Galaxy Spica GT-i5700 and OmniaHD i8910, Acer Liquid A1 and neoTouch, Google/HTC Nexus One, LG eXpo and IQ, and Apple iPhone 3GS and iPod Touch 3G. Motorola, Nokia, Palm, Samsung, STA, Acer, HTC, Google, LG and Apple are liable for their infringement of the '840 patent pursuant to 35 U.S.C. § 271.

30.   Verizon, AT&T and Sprint have infringed and continue to infringe one or more of the claims of the '840 patent by their use, sale, importation, and/or offer to sell infringing cell phones and other products. Verizon, AT&T and Sprint are liable for their infringement of the '840 patent pursuant to 35 U.S.C. § 271.

31.   Defendants' acts of infringement have caused damage to MicroUnity, and MicroUnity is entitled to recover from defendants the damages sustained by MicroUnity as a result of

their wrongful acts in an amount subject to proof at trial.  Defendants' infringement of MicroUnity's exclusive rights under the '840 patent will continue to damage MicroUnity, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

32.    MicroUnity is informed and believes, and on that basis alleges, that TI, Samsung and Motorola have had communications and contact with MicroUnity and are fully aware of MicroUnity's technology and patent portfolio including the '840 patent; that TI, Samsung and Motorola have proceeded to infringe the '840 patent with full and complete knowledge of the patent and its applicability to their products without any attempt to take a license under the '840 patent and without a good faith belief that the '840 patent is invalid or not infringed, and thus TI, Samsung and Motorola's infringement of the '840 patent is willful and deliberate, entitling MicroUnity to increased damages under 35 U.S.C. § 284 and to attorney's fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.  MicroUnity reserves the right to allege, after discovery, that the remaining defendants' infringement of the '840 patent is willful and deliberate, entitling MicroUnity to increased damages under 35 U.S.C. § 284 and to attorney's fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## INFRINGEMENT OF U.S. PATENT NO. 5,794,061 C1

33.    On August 11, 1998, United States Patent No. 5,794,061 (the "'061 patent") was duly and legally issued for an invention entitled "General Purpose, Multiple Precision Parallel Operation, Programmable Media Processor." MicroUnity was assigned the '061 patent and continues to hold all rights and interest in the '061 patent.  A true and correct copy of the '061 patent is attached hereto as Exhibit D.

34.    The '061 patent has been the subject of a reexamination proceeding, reexamination request number 90/007,563, in which the patentability of claims 14, 15 and 17 is confirmed, claim 16

is determined to be patentable as amended, claims 31-47 have been added and are determined to be patentable, and claims 1-13 and 18-30 are canceled.  A copy of Reexamination Certificate 5,794,061 C1 is attached hereto as Exhibit E.

35.     TI, Samsung, SSI and Qualcomm have infringed and continue to infringe one or more of the claims of the '061 patent by their manufacture, use, sale, importation, and/or offer to sell their infringing processors, including but not limited to TI's OMAP3 and OMAP4 series processors, Samsung and SSI's S5PC100 processors, and Qualcomm's Snapdragon processors. TI, Samsung, SSI and Qualcomm are liable for their infringement of the '061 patent pursuant to 35 U.S.C. § 271.

36.     Motorola, Nokia, Palm, Samsung, STA, Acer, HTC, Google, LG and Apple have infringed and continue to infringe one or more of the claims of the '061 patent by their manufacture, use, sale, importation, and/or offer to sell their infringing cell phones and other products, including but not limited to the Motorola Droid, Nokia N900, Palm Pre, Samsung Galaxy Spica GT-i5700 and OmniaHD i8910, Acer Liquid A1 and neoTouch, Google/HTC Nexus One, LG eXpo and IQ, and Apple iPhone 3GS  and iPod Touch 3G.  Motorola, Nokia, Palm, Samsung, STA, Acer, HTC, Google, LG and Apple are liable for their infringement of the '061 patent pursuant to 35 U.S.C. § 271.

37.     Verizon, AT&T and Sprint have infringed and continue to infringe one or more of the claims of the '061 patent by their use, sale, importation, and/or offer to sell infringing cell phones and other products. Verizon, AT&T and Sprint are liable for their infringement of the '061 patent pursuant to 35 U.S.C. § 271.

38.     Defendants' acts of infringement have caused damage to MicroUnity, and MicroUnity is entitled to recover from defendants the damages sustained by MicroUnity as a result of their wrongful acts in an amount subject to proof at trial.  Defendants' infringement of MicroUnity's

exclusive rights under the '061 patent will continue to damage MicroUnity, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

39.     MicroUnity is informed and believes, and on that basis alleges, that TI, Samsung and Motorola have had communications and contact with MicroUnity and are fully aware of MicroUnity's technology and patent portfolio including the '061 patent; that TI, Samsung and Motorola have proceeded to infringe the '061 patent with full and complete knowledge of the patent and its applicability to their products without any attempt to take a license under the '061 patent and without a good faith belief that the '061 patent is invalid or not infringed, and thus TI, Samsung and Motorola's infringement of the '061 patent is willful and deliberate, entitling MicroUnity to increased damages under 35 U.S.C. § 284 and to attorney's fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.   MicroUnity reserves the right to allege, after discovery, that the remaining defendants' infringement of the '061 patent is willful and deliberate, entitling MicroUnity to increased damages under 35 U.S.C. § 284 and to attorney's fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## INFRINGEMENT OF U.S. PATENT NO. 5,812,799 C1

40.     On September 2, 1998, United States Patent No. 5,812,799 (the "'799 patent") was duly and legally issued for an invention entitled "Non-Blocking Load Buffer and a Multiple-Priority Memory System for Real-Time Multiprocessing." MicroUnity was assigned the '799 patent and continues to hold all rights and interest in the '799 patent.  A true and correct copy of the '799 patent is attached hereto as Exhibit F.

41.     The '799 patent has been the subject of a reexamination proceeding, reexamination request number 90/008,232, in which the patentability of claims 1-34 is confirmed.  A copy of Reexamination Certificate 5,812,799 C1 is attached hereto as Exhibit G.

42.     Qualcomm has infringed and continues to infringe one or more of the claims of the '799 patent by its manufacture, use, sale, importation, and/or offer to sell its processors, including but not limited to its Snapdragon processors, and by its knowingly contributing to and inducing others to manufacture, use, sell, import, and/or offer to sell cell phones and other products that infringe one or more of the claims of the '799 patent. Qualcomm is liable for its infringement of the '799 patent pursuant to 35 U.S.C. § 271.

43.     Samsung, STA, Acer, HTC, Google and LG have infringed and continue to infringe one or more of the claims of the '799 patent by their manufacture, use, sale, importation, and/or offer to sell infringing cell phones and other products, including but not limited to the Samsung Galaxy Spica GT-i5700, Acer Liquid A1 and neoTouch, Google/HTC Nexus One, and LG eXpo and IQ, and by their knowingly contributing to and inducing others to manufacture, use, sell, import and/or offer to sell products and services which practice processes that infringe one or more of the claims of the '799 patent.  Samsung, STA, Acer, HTC, Google and LG are liable for their infringement of the '799 patent pursuant to 35 U.S.C. § 271.

44.     AT&T has infringed and continues to infringe one or more of the claims of the '799 patent by its use, sale, importation, and/or offer to sell infringing cell phones and other products which infringe and which practice processes that infringe one or more of the claims of the '799 patent. AT&T is liable for its infringement of the '799 patent pursuant to 35 U.S.C. § 271.

45.     Qualcomm, Samsung, STA, Acer, HTC, Google, LG and AT&T's acts of infringement have caused damage to MicroUnity, and MicroUnity is entitled to recover from Qualcomm, Samsung, STA, Acer, HTC, Google, LG and AT&T the damages sustained by MicroUnity as a result of their wrongful acts in an amount subject to proof at trial.  Qualcomm, Samsung, STA, Acer, HTC, Google, LG and AT&T's infringement of MicroUnity's exclusive rights

under the '799 patent will continue to damage MicroUnity, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

46.     MicroUnity is informed and believes, and on that basis alleges, that Samsung has had communications and contact with MicroUnity and is fully aware of MicroUnity's technology and patent portfolio including the '799 patent; that Samsung has proceeded to infringe the '799 patent with full and complete knowledge of the patent and its applicability to its products without any attempt to take a license under the '799 patent and without a good faith belief that the '799 patent is invalid or not infringed, and thus Samsung's infringement of the '799 patent is willful and deliberate, entitling MicroUnity to increased damages under 35 U.S.C. § 284 and to attorney's fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.  MicroUnity reserves the right to allege, after discovery, that the remaining defendants' infringement of the '799 patent is willful and deliberate, entitling MicroUnity to increased damages under 35 U.S.C. § 284 and to attorney's fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## INFRINGEMENT OF U.S. PATENT NO. 6,006,318 C1

47.     On December 21, 1999, United States Patent No. 6,006,318 C1 (the "'318 patent") was duly and legally issued for an invention entitled "General Purpose, Dynamic Partitioning, Programmable Media Processor." MicroUnity was assigned the '318 patent and continues to hold all rights and interest in the '318 patent.  A true and correct copy of the '318 patent is attached hereto as Exhibit H.

48.     The '318 patent has been the subject of a reexamination proceeding, reexamination request number 90/008,512, in which the patentability of claim 5 is confirmed, claims 2-3, 6-8 and 11 are determined to be patentable as amended, claims 4, 9-10 and 12 are dependent on an amended claim and are determined to be patentable, claims 17-19 have been added and are determined to be

patentable, and claims 1 and 13-16 are canceled. A copy of Reexamination Certificate 6,006,318 C1 is attached hereto as Exhibit I.

49.     TI, Samsung, SSI and Qualcomm have infringed and continue to infringe one or more of the claims of the '318 patent by their manufacture, use, sale, importation, and/or offer to sell their infringing processors, including but not limited to TI's OMAP3 and OMAP4 series processors, Samsung and SSI's S5PC100 processors, and Qualcomm's Snapdragon processors. TI, Samsung, SSI and Qualcomm are liable for their infringement of the '318 patent pursuant to 35 U.S.C. § 271.

50.     Motorola, Nokia, Palm, Samsung, STA, Acer, HTC, Google, LG and Apple have infringed and continue to infringe one or more of the claims of the '318 patent by their manufacture, use, sale, importation, and/or offer to sell their infringing cell phones and other products, including but not limited to the Motorola Droid, Nokia N900, Palm Pre, Samsung Galaxy Spica GT-i5700 and OmniaHD i8910, Acer Liquid A1 and neoTouch, Google/HTC Nexus One, LG eXpo and IQ, and Apple iPhone 3GS and iPod Touch 3G. Motorola, Nokia, Palm, Samsung, STA, Acer, HTC, Google, LG and Apple are liable for their infringement of the '318 patent pursuant to 35 U.S.C. § 271.

51.     Verizon, AT&T and Sprint have infringed and continue to infringe one or more of the claims of the '318 patent by their use, sale, importation, and/or offer to sell infringing cell phones and other products. Verizon, AT&T and Sprint are liable for their infringement of the '318 patent pursuant to 35 U.S.C. § 271.

52.     Defendants' acts of infringement have caused damage to MicroUnity, and MicroUnity is entitled to recover from defendants the damages sustained by MicroUnity as a result of their wrongful acts in an amount subject to proof at trial. Defendants' infringement of MicroUnity's

exclusive rights under the '318 patent will continue to damage MicroUnity, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

53.     MicroUnity is informed and believes, and on that basis alleges, that TI, Samsung and Motorola have had communications and contact with MicroUnity and are fully aware of MicroUnity's technology and patent portfolio including the '318 patent; that TI, Samsung and Motorola have proceeded to infringe the '318 patent with full and complete knowledge of the patent and its applicability to their products without any attempt to take a license under the '318 patent and without a good faith belief that the '318 patent is invalid or not infringed, and thus TI, Samsung and Motorola's infringement of the '318 patent is willful and deliberate, entitling MicroUnity to increased damages under 35 U.S.C. § 284 and to attorney's fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.   MicroUnity reserves the right to allege, after discovery, that the remaining defendants' infringement of the '318 patent is willful and deliberate, entitling MicroUnity to increased damages under 35 U.S.C. § 284 and to attorney's fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## INFRINGEMENT OF U.S. PATENT NO. RE39,500 E

54.     On July 30, 2002, United States Patent No. 6,427,190 was duly and legally issued for an invention entitled "Configurable Cache Allowing Cache-Type and Buffer-Type Access."   On February 27, 2007, United States Patent No. 6,427,190 was duly and legally reissued as United States Reissue Patent No. RE39,500 E (the "500 patent").   MicroUnity was assigned the '500 patent and continues to hold all rights and interest in the '500 patent.   A true and correct copy of the '500 patent is attached hereto as Exhibit J.

55.     TI and Qualcomm have infringed and continue to infringe one or more of the claims of the '500 patent by their manufacture, use, sale, importation, and/or offer to sell their

processors, including but not limited to TI's OMAP3 and OMAP4 series processors and Qualcomm's Snapdragon processors, and by their knowingly contributing to and inducing others to manufacture, use, sell, import and/or offer to sell cell phones and other products and services and software which infringe and which practice processes that infringe one or more of the claims of the '500 patent.  TI and Qualcomm are liable for their infringement of the '500 patent pursuant to 35 U.S.C. § 271.

56.     Motorola, Nokia, Palm, Samsung, STA, Acer, HTC, Google and LG have infringed and continue to infringe one or more of the claims of the '500 patent by their manufacture, use, sale, importation, and/or offer to sell their cell phones and other products, including but not limited to the Motorola Droid, Nokia N900, Palm Pre, Samsung Galaxy Spica GT-i5700 and OmniaHD i8910, Acer Liquid A1 and neoTouch, Google/HTC Nexus One, and LG eXpo and IQ, by providing software for use on such cell phones and other products, and by their knowingly contributing to and inducing others to manufacture, use, sell, import and/or offer to sell products and services and software which infringe and which practice processes that infringe one or more of the claims of the '500 patent.  Motorola, Nokia, Palm, Samsung, STA, Acer, HTC, Google and LG are liable for their infringement of the '500 patent pursuant to 35 U.S.C. § 271.

57.     Verizon, AT&T and Sprint have infringed and continue to infringe one or more of the claims of the '500 patent by their use, sale, importation, and/or offer to sell infringing cell phones and other products and software which infringe and which practice processes that infringe one or more of the claims of the '500 patent, and by their knowingly contributing to and inducing their customers to purchase and use services which practice processes that infringe one or more of the claims of the '500 patent. Verizon, AT&T and Sprint are liable for their infringement of the '500 patent pursuant to 35 U.S.C. § 271.

58.     TI, Qualcomm, Motorola, Nokia, Palm, Samsung, STA, Acer, HTC, Google, LG, Verizon, AT&T and Sprint's acts of infringement have caused damage to MicroUnity, and MicroUnity is entitled to recover from TI, Qualcomm, Motorola, Nokia, Palm, Samsung, STA, Acer, HTC, Google, LG, Verizon, AT&T and Sprint the damages sustained by MicroUnity as a result of their wrongful acts in an amount subject to proof at trial.  TI, Qualcomm, Motorola, Nokia, Palm, Samsung, STA, Acer, HTC, Google, LG, Verizon, AT&T and Sprint's infringement of MicroUnity's exclusive rights under the '500 patent will continue to damage MicroUnity, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

59.     MicroUnity is informed and believes, and on that basis alleges, that TI and Motorola have had communications and contact with MicroUnity and are fully aware of MicroUnity's technology and patent portfolio including United States Patent No. 6,427,190 from which the '500 patent was reissued without change to many of the original claims; that TI and Motorola have proceeded to infringe the '500 patent with full and complete knowledge of the patent and its applicability to their products without any attempt to take a license under the '500 patent and without a good faith belief that the '500 patent is invalid or not infringed, and thus TI and Motorola's infringement of the '500 patent is willful and deliberate, entitling MicroUnity to increased damages under 35 U.S.C. § 284 and to attorney's fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.  MicroUnity reserves the right to allege, after discovery, that the remaining defendants' infringement of the '500 patent is willful and deliberate, entitling MicroUnity to increased damages under 35 U.S.C. § 284 and to attorney's fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## INFRINGEMENT OF U.S. PATENT NO. 6,725,356 C1

60.     On April 20, 2004, United States Patent No. 6,725,356 C1 (the "'356 patent") was duly and legally issued for an invention entitled "System with Wide Operand Architecture, and Method." MicroUnity was assigned the '356 patent and continues to hold all rights and interest in the '356 patent. A true and correct copy of the '356 patent is attached hereto as Exhibit K.

61.     The '356 patent has been the subject of a reexamination proceeding, reexamination request number 95/000,100, in which the patentability of claims 30 and 44 is confirmed, claims 1, 2, 7, 8, 13, 15, 16, 19, 27-29, 31, 37, 39-43 and 45-48 are determined to be patentable as amended, claims 3-6, 9-12, 14, 17, 20-26, 32-35 and 38 are dependent on an amended claim and are determined to be patentable, claims 49-104 have been added and are determined to be patentable, and claims 18 and 36 are canceled. A copy of Reexamination Certificate 6,725,356 C1 is attached hereto as Exhibit L.

62.     TI, Samsung, SSI and Qualcomm have infringed and continue to infringe one or more of the claims of the '356 patent by their manufacture, use, sale, importation, and/or offer to sell their processors, including but not limited to TI's OMAP3 and OMAP4 series processors, Samsung and SSI's S5PC100 processors, and Qualcomm's Snapdragon processors, and by their knowingly contributing to and inducing others to manufacture, use, sell, import and/or offer to sell cell phones and other products and services which practice processes that infringe one or more of the claims of the '356 patent. TI, Samsung, SSI and Qualcomm are liable for their infringement of the '356 patent pursuant to 35 U.S.C. § 271.

63.     Motorola, Nokia, Palm, Samsung, STA, Acer, HTC, Google, LG and Apple have infringed and continue to infringe one or more of the claims of the '356 patent by their manufacture, use, sale, importation, and/or offer to sell their cell phones and other products, including but not limited to the Motorola Droid, Nokia N900, Palm Pre, Samsung Galaxy Spica GT-i5700 and

OmniaHD i8910, Acer Liquid A1 and neoTouch, Google/HTC Nexus One, LG eXpo and IQ, and Apple iPhone 3GS, and by their knowingly contributing to and inducing others to manufacture, use, sell, import and/or offer to sell products and services which practice processes that infringe one or more of the claims of the '356 patent. Motorola, Nokia, Palm, Samsung, STA, Acer, HTC, Google, LG and Apple are liable for their infringement of the '356 patent pursuant to 35 U.S.C. § 271.

64.     Verizon, AT&T and Sprint have infringed and continue to infringe one or more of the claims of the '356 patent by their use, sale, importation, and/or offer to sell cell phones and other products which practice processes that infringe one or more of the claims of the '356 patent, and by their knowingly contributing to and inducing their customers to purchase and use services which practice processes that infringe one or more of the claims of the '356 patent. Verizon, AT&T and Sprint are liable for their infringement of the '356 patent pursuant to 35 U.S.C. § 271.

65.     Defendants' acts of infringement have caused damage to MicroUnity, and MicroUnity is entitled to recover from defendants the damages sustained by MicroUnity as a result of their wrongful acts in an amount subject to proof at trial. Defendants' infringement of MicroUnity's exclusive rights under the '356 patent will continue to damage MicroUnity, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

66.     MicroUnity is informed and believes, and on that basis alleges, that TI and Motorola have had communications and contact with MicroUnity and are fully aware of MicroUnity's technology and patent portfolio including the '356 patent; that TI and Motorola have proceeded to infringe the '356 patent with full and complete knowledge of the patent and its applicability to their products without any attempt to take a license under the '356 patent and without a good faith belief that the '356 patent is invalid or not infringed, and thus TI and Motorola's infringement of the '356 patent is willful and deliberate, entitling MicroUnity to increased damages

under 35 U.S.C. § 284 and to attorney's fees and costs incurred in prosecuting this action under 35 U.S.C. § 285. MicroUnity reserves the right to allege, after discovery, that the remaining defendants' infringement of the '356 patent is willful and deliberate, entitling MicroUnity to increased damages under 35 U.S.C. § 284 and to attorney's fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## INFRINGEMENT OF U.S. PATENT NO. 7,213,131 B2

67.     On May 1, 2007, United States Patent No. 7,213,131 B2 (the "'131 patent") was duly and legally issued for an invention entitled "Programmable Processor and Method for Partitioned Group Element Selection Operation." MicroUnity was assigned the '131 patent and continues to hold all rights and interest in the '131 patent. A true and correct copy of the '131 patent is attached hereto as Exhibit M.

68.     TI, Samsung, SSI and Qualcomm have infringed and continue to infringe one or more of the claims of the '131 patent by their manufacture, use, sale, importation, and/or offer to sell their infringing processors, including but not limited to TI's OMAP3 and OMAP4 series processors, Samsung and SSI's S5PC100 processors, and Qualcomm's Snapdragon processors, and by knowingly contributing to and inducing others to manufacture, use, sell, import, and/or offer to sell cell phones and other products that infringe one or more of the claims of the '131 patent. TI, Samsung, SSI and Qualcomm are liable for their infringement of the '131 patent pursuant to 35 U.S.C. § 271.

69.     Motorola, Nokia, Palm, Samsung, STA, Acer, HTC, Google, LG and Apple have infringed and continue to infringe one or more of the claims of the '131 patent by their manufacture, use, sale, importation, and/or offer to sell infringing cell phones and other products, including but not limited to the Motorola Droid, Nokia N900, Palm Pre, Samsung Galaxy Spica GT-i5700 and

OmniaHD i8910, Acer Liquid A1 and neoTouch, Google/HTC Nexus One, LG eXpo and IQ, and Apple iPhone 3GS and iPod Touch 3G.   Motorola, Nokia, Palm, Samsung, STA, Acer, HTC, Google, LG and Apple are liable for their infringement of the '131 patent pursuant to 35 U.S.C. § 271.

70.    Verizon, AT&T and Sprint have infringed and continue to infringe one or more of the claims of the '131 patent by their use, sale, importation, and/or offer to sell infringing cell phones and other products. Verizon, AT&T and Sprint are liable for their infringement of the '131 patent pursuant to 35 U.S.C. § 271.

71.    Defendants' acts of infringement have caused damage to MicroUnity, and MicroUnity is entitled to recover from defendants the damages sustained by MicroUnity as a result of their wrongful acts in an amount subject to proof at trial. Defendants' infringement of MicroUnity's exclusive rights under the '131 patent will continue to damage MicroUnity, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

72.    MicroUnity is informed and believes, and on that basis alleges, that TI has had communications and contact with MicroUnity and is fully aware of MicroUnity's technology and patent portfolio including the '131 patent; that TI has proceeded to infringe the '131 patent with full and complete knowledge of the patent and its applicability to its products without any attempt to take a license under the '131 patent and without a good faith belief that the '131 patent is invalid or not infringed, and thus TI's infringement of the '131 patent is willful and deliberate, entitling MicroUnity to increased damages under 35 U.S.C. § 284 and to attorney's fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.  MicroUnity reserves the right to allege, after discovery, that the remaining defendants' infringement of the '131 patent is willful and deliberate, entitling MicroUnity

to increased damages under 35 U.S.C. § 284 and to attorney's fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## INFRINGEMENT OF U.S. PATENT NO. 7,216,217 B2

73.     On May 8, 2007, United States Patent No. 7,216,217 B2 (the "'217 patent") was duly and legally issued for an invention entitled "Programmable Processor with Group Floating-Point Operations." MicroUnity was assigned the '217 patent and continues to hold all rights and interest in the '217 patent.  A true and correct copy of the '217 patent is attached hereto as Exhibit N.

74.     TI, Samsung, SSI and Qualcomm have infringed and continue to infringe one or more of the claims of the '217 patent by knowingly contributing to and inducing others to manufacture, use, sell, import, and/or offer to sell cell phones and other products that infringe one or more of the claims of the '217 patent, by providing infringing processors, including but not limited to TI's OMAP3 and OMAP4 series processors, Samsung and SSI's S5PC100 processors, and Qualcomm's Snapdragon processors. TI, Samsung, SSI and Qualcomm are liable for their infringement of the '217 patent pursuant to 35 U.S.C. § 271.

75.     Motorola, Nokia, Palm, Samsung, STA, Acer, HTC, Google, LG and Apple have infringed and continue to infringe one or more of the claims of the '217 patent by their manufacture, use, sale, importation, and/or offer to sell infringing cell phones and other products, including but not limited to the Motorola Droid, Nokia N900, Palm Pre, Samsung Galaxy Spica GT-i5700 and OmniaHD i8910, Acer Liquid A1 and neoTouch, Google/HTC Nexus One, LG eXpo and IQ, and Apple iPhone 3GS and iPod Touch 3G.  Motorola, Nokia, Palm, Samsung, STA, Acer, HTC, Google, LG and Apple are liable for their infringement of the '217 patent pursuant to 35 U.S.C. § 271.

76.     Verizon, AT&T and Sprint have infringed and continue to infringe one or more of the claims of the '217 patent by their use, sale, importation, and/or offer to sell infringing cell phones and other products. Verizon, AT&T and Sprint are liable for their infringement of the '217 patent pursuant to 35 U.S.C. § 271.

77.     Defendants' acts of infringement have caused damage to MicroUnity, and MicroUnity is entitled to recover from defendants the damages sustained by MicroUnity as a result of their wrongful acts in an amount subject to proof at trial.  Defendants' infringement of MicroUnity's exclusive rights under the '217 patent will continue to damage MicroUnity, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

78.     MicroUnity reserves the right to allege, after discovery, that defendants' infringement of the '217 patent is willful and deliberate, entitling MicroUnity to increased damages under 35 U.S.C. § 284 and to attorney's fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## INFRINGEMENT OF U.S. PATENT NO. 7,260,708 B2

79.     On August 21, 2007, United States Patent No. 7,260,708 B2 (the "'708 patent") was duly and legally issued for an invention entitled "Programmable Processor and Method for Partitioned Group Shift." MicroUnity was assigned the '708 patent and continues to hold all rights and interest in the '708 patent.  A true and correct copy of the '708 patent is attached hereto as Exhibit O.

80.     TI, Samsung, SSI and Qualcomm have infringed and continue to infringe one or more of the claims of the '708 patent by their manufacture, use, sale, importation, and/or offer to sell their processors, including but not limited to TI's OMAP3 and OMAP4 series processors, Samsung and SSI's S5PC100 processors, and Qualcomm's Snapdragon processors, and by their knowingly

contributing to and inducing others to manufacture, use, sell, import and/or offer to sell cell phones and other products and services which infringe and which practice processes that infringe one or more of the claims of the '708 patent. TI, Samsung, SSI and Qualcomm are liable for their infringement of the '708 patent pursuant to 35 U.S.C. § 271.

81.     Motorola, Nokia, Palm, Samsung, STA, Acer, HTC, Google, LG and Apple have infringed and continue to infringe one or more of the claims of the '708 patent by their manufacture, use, sale, importation, and/or offer to sell their cell phones and other products, including but not limited to the Motorola Droid, Nokia N900, Palm Pre, Samsung Galaxy Spica GT-i5700 and OmniaHD i8910, Acer Liquid A1 and neoTouch, Google/HTC Nexus One, LG eXpo and IQ, and Apple iPhone 3GS and iPod Touch 3G, and by their knowingly contributing to and inducing others to manufacture, use, sell, import and/or offer to sell products and services which infringe and which practice processes that infringe one or more of the claims of the '708 patent. Motorola, Nokia, Palm, Samsung, STA, Acer, HTC, Google, LG and Apple are liable for their infringement of the '708 patent pursuant to 35 U.S.C. § 271.

82.     Verizon, AT&T and Sprint have infringed and continue to infringe one or more of the claims of the '708 patent by their use, sale, importation, and/or offer to sell infringing cell phones and other products which infringe and which practice processes that infringe one or more of the claims of the '708 patent, and by their knowingly contributing to and inducing their customers to purchase and use services which practice processes that infringe one or more of the claims of the '708 patent. Verizon, AT&T and Sprint are liable for their infringement of the '708 patent pursuant to 35 U.S.C. § 271.

83.     Defendants' acts of infringement have caused damage to MicroUnity, and MicroUnity is entitled to recover from defendants the damages sustained by MicroUnity as a result of

their wrongful acts in an amount subject to proof at trial. Defendants' infringement of MicroUnity's exclusive rights under the '708 patent will continue to damage MicroUnity, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

84.     MicroUnity reserves the right to allege, after discovery, that defendants' infringement of the '708 patent is willful and deliberate, entitling MicroUnity to increased damages under 35 U.S.C. § 284 and to attorney's fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## INFRINGEMENT OF U.S. PATENT NO. 7,353,367 B2

85.     On April 1, 2008, United States Patent No. 7,353,367 B2 (the "'367 patent") was duly and legally issued for an invention entitled "System and Software for Catenated Group Shift Instruction." MicroUnity was assigned the '367 patent and continues to hold all rights and interest in the '367 patent. A true and correct copy of the '367 patent is attached hereto as Exhibit P.

86.     TI, Samsung, SSI and Qualcomm have infringed and continue to infringe one or more of the claims of the '367 patent by knowingly contributing to and inducing others to manufacture, use, sell, import, and/or offer to sell cell phones and other products and software that infringe one or more of the claims of the '367 patent, by providing processors such as TI's OMAP3 and OMAP4 series processors, Samsung and SSI's S5PC100 processors, and Qualcomm's Snapdragon processors. TI, Samsung, SSI and Qualcomm are liable for their infringement of the '367 patent pursuant to 35 U.S.C. § 271.

87.     Motorola, Nokia, Palm, Samsung, STA, Acer, HTC, Google, LG and Apple have infringed and continue to infringe one or more of the claims of the '367 patent by their manufacture, use, sale, importation, and/or offer to sell infringing cell phones and other products, including but not limited to the Motorola Droid, Nokia N900, Palm Pre, Samsung Galaxy Spica GT-i5700 and

OmniaHD i8910, Acer Liquid A1 and neoTouch, Google/HTC Nexus One, LG eXpo and IQ, and Apple iPhone 3GS and iPod Touch 3G, and by providing software for use on such cell phones and other products. Motorola, Nokia, Palm, Samsung, STA, Acer, HTC, Google, LG and Apple are liable for their infringement of the '367 patent pursuant to 35 U.S.C. § 271.

88.     Verizon, AT&T and Sprint have infringed and continue to infringe one or more of the claims of the '367 patent by their use, sale, importation, and/or offer to sell infringing cell phones and other products, and by providing software for use on such cell phones and other products. Verizon, AT&T and Sprint are liable for their infringement of the '367 patent pursuant to 35 U.S.C. § 271.

89.     Defendants' acts of infringement have caused damage to MicroUnity, and MicroUnity is entitled to recover from defendants the damages sustained by MicroUnity as a result of their wrongful acts in an amount subject to proof at trial. Defendants' infringement of MicroUnity's exclusive rights under the '367 patent will continue to damage MicroUnity, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

90.     MicroUnity reserves the right to allege, after discovery, that defendants' infringement of the '367 patent is willful and deliberate, entitling MicroUnity to increased damages under 35 U.S.C. § 284 and to attorney's fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## INFRINGEMENT OF U.S. PATENT NO. 7,509,366 B2

91.     On March 24, 2009, United States Patent No. 7,509,366 B2 (the "'366 patent") was duly and legally issued for an invention entitled "Multiplier Array Processing System with Enhanced Utilization at Lower Precision." MicroUnity was assigned the '366 patent and continues to hold all

rights and interest in the '366 patent. A true and correct copy of the '366 patent is attached hereto as Exhibit Q.

92.     TI, Samsung, SSI and Qualcomm have infringed and continue to infringe one or more of the claims of the '366 patent by their manufacture, use, sale, importation, and/or offer to sell their processors, including but not limited to TI's OMAP3 and OMAP4 series processors, Samsung and SSI's S5PC100 processors, and Qualcomm's Snapdragon processors. Samsung and SSI have knowingly contributed to and induced and continue to knowingly contribute to and induce others to manufacture, use, sell, import and/or offer to sell cell phones and other products and services which infringe and which practice processes that infringe one or more of the claims of the '366 patent. TI, Samsung, SSI and Qualcomm are liable for their infringement of the '366 patent pursuant to 35 U.S.C. § 271.

93.     Motorola, Nokia, Palm, Samsung, STA, Acer, HTC, Google, LG and Apple have infringed and continue to infringe one or more of the claims of the '366 patent by their manufacture, use, sale, importation, and/or offer to sell their cell phones and other products, including but not limited to the Motorola Droid, Nokia N900, Palm Pre, Samsung Galaxy Spica GT-i5700 and OmniaHD i8910, Acer Liquid A1 and neoTouch, Google/HTC Nexus One, LG eXpo and IQ, and Apple iPhone 3GS and iPod Touch 3G. Apple has knowingly contributed to and induced and continues to knowingly contribute to and induce others to manufacture, use, sell, import and/or offer to sell products and services which infringe and which practice processes that infringe one or more of the claims of the '366 patent. Motorola, Nokia, Palm, Samsung, STA, Acer, HTC, Google, LG and Apple are liable for their infringement of the '366 patent pursuant to 35 U.S.C. § 271.

94.     Verizon, AT&T and Sprint have infringed and continue to infringe one or more of the claims of the '366 patent by their use, sale, importation, and/or offer to sell infringing cell phones

and other products which infringe one or more of the claims of the '366 patent. AT&T has knowingly contributed to and induced and continues to knowingly contribute to and induce its customers' use of services which infringe and which practice processes that infringe one or more of the claims of the '366 patent. Verizon, AT&T and Sprint are liable for their infringement of the '366 patent pursuant to 35 U.S.C. § 271.

95.     Defendants' acts of infringement have caused damage to MicroUnity, and MicroUnity is entitled to recover from defendants the damages sustained by MicroUnity as a result of their wrongful acts in an amount subject to proof at trial. Defendants' infringement of MicroUnity's exclusive rights under the '366 patent will continue to damage MicroUnity, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

96.     MicroUnity reserves the right to allege, after discovery, that defendants' infringement of the '366 patent is willful and deliberate, entitling MicroUnity to increased damages under 35 U.S.C. § 284 and to attorney's fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## INFRINGEMENT OF U.S. PATENT NO. 7,653,806 B2

97.     On January 26, 2010, United States Patent No. 7,653,806 B2 (the "'806 patent") was duly and legally issued for an invention entitled "Method and Apparatus for Performing Improved Group Floating-Point Operations." MicroUnity was assigned the '806 patent and continues to hold all rights and interest in the '806 patent. A true and correct copy of the '806 patent is attached hereto as Exhibit R.

98.     TI, Samsung, SSI and Qualcomm have infringed and continue to infringe one or more of the claims of the '806 patent by their manufacture, use, sale, importation, and/or offer to sell their infringing processors, including but not limited to TI's OMAP3 and OMAP4 series processors,

Samsung and SSI's S5PC100 processors, and Qualcomm's Snapdragon processors. TI, Samsung, SSI and Qualcomm are liable for their infringement of the '806 patent pursuant to 35 U.S.C. § 271.

99.    Motorola, Nokia, Palm, Samsung, STA, Acer, HTC, Google, LG and Apple have infringed and continue to infringe one or more of the claims of the '806 patent by their manufacture, use, sale, importation, and/or offer to sell their infringing cell phones and other products, including but not limited to the Motorola Droid, Nokia N900, Palm Pre, Samsung Galaxy Spica GT-i5700 and OmniaHD i8910, Acer Liquid A1 and neoTouch, Google/HTC Nexus One, LG eXpo and IQ, and Apple iPhone 3GS and iPod Touch 3G.    Motorola, Nokia, Palm, Samsung, STA, Acer, HTC, Google, LG and Apple are liable for their infringement of the '806 patent pursuant to 35 U.S.C. § 271.

100.    Verizon, AT&T and Sprint have infringed and continue to infringe one or more of the claims of the '806 patent by their use, sale, importation, and/or offer to sell infringing cell phones and other products. Verizon, AT&T and Sprint are liable for their infringement of the '806 patent pursuant to 35 U.S.C. § 271.

101.    Defendants' acts of infringement have caused damage to MicroUnity, and MicroUnity is entitled to recover from defendants the damages sustained by MicroUnity as a result of their wrongful acts in an amount subject to proof at trial.    Defendants' infringement of MicroUnity's exclusive rights under the '806 patent will continue to damage MicroUnity, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

102.    MicroUnity reserves the right to allege, after discovery, that defendants' infringement of the '806 patent is willful and deliberate, entitling MicroUnity to increased damages under 35 U.S.C. § 284 and to attorney's fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## INFRINGEMENT OF U.S. PATENT NO. 7,660,972 B2

103.    On February 9, 2010, United States Patent No. 7,660,972 B2 (the "'972 patent") was duly and legally issued for an invention entitled "Method and Software for Partitioned Floating-Point Multiply-Add Operation." MicroUnity was assigned the '972 patent and continues to hold all rights and interest in the '972 patent. A true and correct copy of the '972 patent is attached hereto as Exhibit S.

104.    Samsung and SSI have infringed and continue to infringe one or more of the claims of the '972 patent by their manufacture, use, sale, importation, and/or offer to sell their processors, including but not limited to their S5PC100 processors, and by knowingly contributing to and inducing others to manufacture, use, sell, import, and/or offer to sell cell phones and other products and services which practice processes and include software that infringe one or more of the claims of the '972 patent. Samsung and SSI are liable for their infringement of the '972 patent pursuant to 35 U.S.C. § 271.

105.    Apple has infringed and continues to infringe one or more of the claims of the '972 patent by its manufacture, use, sale, importation, and/or offer to sell infringing cell phones and other products, including but not limited to the Apple iPhone 3GS, which practice processes and include software that infringe one or more of the claims of the '972 patent, and by providing software for use on such cell phones and other products. Apple is liable for its infringement of the '972 patent pursuant to 35 U.S.C. § 271.

106.    AT&T has  infringed and continues to infringe one or more of the claims of the '972 patent by its use, sale, importation and/or offer to sell infringing cell phones and other products which practice processes and include software that infringe one or more of the claims of the '972 patent, by its knowingly contributing to and inducing its customers to purchase and use services which practice processes that infringe one or more of the claims of the '356 patent, and by providing

software for use on such cell phones and other products. AT&T is liable for its infringement of the '972 patent pursuant to 35 U.S.C. § 271.

107.    Samsung, SSI, Apple and AT&T's acts of infringement have caused damage to MicroUnity, and MicroUnity is entitled to recover from Samsung, SSI, Apple and AT&T the damages sustained by MicroUnity as a result of their wrongful acts in an amount subject to proof at trial.  Samsung, SSI, Apple and AT&T's infringement of MicroUnity's exclusive rights under the '972 patent will continue to damage MicroUnity, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

108.    MicroUnity reserves the right to allege, after discovery, that Samsung, SSI, Apple and AT&T's infringement of the '972 patent is willful and deliberate, entitling MicroUnity to increased damages under 35 U.S.C. § 284 and to attorney's fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## INFRINGEMENT OF U.S. PATENT NO. 7,660,973 B2

109.    On February 9, 2010, United States Patent No. 7,660,973 B2 (the "'973 patent") was duly and legally issued for an invention entitled "System and Apparatus for Group Data Operations." MicroUnity was assigned the '973 patent and continues to hold all rights and interest in the '973 patent. A true and correct copy of the '973 patent is attached hereto as Exhibit T.

110.    TI, Samsung, SSI and Qualcomm have infringed and continue to infringe one or more of the claims of the '973 patent by their manufacture, use, sale, importation, and/or offer to sell their infringing processors, including but not limited to TI's OMAP3 and OMAP4 series processors, Samsung and SSI's S5PC100 processors, and Qualcomm's Snapdragon processors, and by knowingly contributing to and inducing others to manufacture, use, sell, import, and/or offer to sell cell phones and other products that infringe one or more of the claims of the '973 patent. TI,

Samsung, SSI and Qualcomm are liable for their infringement of the '973 patent pursuant to 35 U.S.C. § 271.

111.    Motorola, Nokia, Palm, Samsung, STA, Acer, HTC, Google, LG and Apple have infringed and continue to infringe one or more of the claims of the '973 patent by their manufacture, use, sale, importation, and/or offer to sell infringing cell phones and other products, including but not limited to the Motorola Droid, Nokia N900, Palm Pre, Samsung Galaxy Spica GT-i5700 and OmniaHD i8910, Acer Liquid A1 and neoTouch, Google/HTC Nexus One, LG eXpo and IQ, and Apple iPhone 3GS and iPod Touch 3G.   Motorola, Nokia, Palm, Samsung, STA, Acer, HTC, Google, LG and Apple are liable for their infringement of the '973 patent pursuant to 35 U.S.C. § 271.

112.    Verizon, AT&T and Sprint have infringed and continue to infringe one or more of the claims of the '973 patent by their use, sale, importation, and/or offer to sell infringing cell phones and other products. Verizon, AT&T and Sprint are liable for their infringement of the '973 patent pursuant to 35 U.S.C. § 271.

113.    Defendants' acts of infringement have caused damage to MicroUnity, and MicroUnity is entitled to recover from defendants the damages sustained by MicroUnity as a result of their wrongful acts in an amount subject to proof at trial. Defendants' infringement of MicroUnity's exclusive rights under the '973 patent will continue to damage MicroUnity, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

114.    MicroUnity reserves the right to allege, after discovery, that defendants' infringement of the '973 patent is willful and deliberate, entitling MicroUnity to increased damages under 35 U.S.C. § 284 and to attorney's fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## JURY DEMAND

115.   MicroUnity demands a trial by jury on all issues.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff MicroUnity Systems Engineering, Inc., requests entry of judgment in its favor and against defendants as follows:

a)      Declaration that defendants have infringed U.S. Patent Nos. 5,737,547 C1, 5,742,840, 5,794,061 C1, 5,812,799 C1, 6,006,318 C1, RE39,500 E, 6,725,356 C1, 7,213,131 B2, 7,216,217 B2, 7,260,708 B2, 7,353,367 B2, 7,509,366 B2, 7,653,806 B2, 7,660,972 B2 and 7,660,973 B2;

b)      Awarding the damages arising out of defendants' infringement of U.S. Patent Nos. 5,737,547 C1, 5,742,840, 5,794,061 C1, 5,812,799 C1, 6,006,318 C1, RE39,500 E, 6,725,356 C1, 7,213,131 B2, 7,216,217 B2, 7,260,708 B2, 7,353,367 B2, 7,509,366 B2, 7,653,806 B2, 7,660,972 B2 and 7,660,973 B2, including enhanced damages pursuant to 35 U.S.C. § 284, to MicroUnity, together with prejudgment and post-judgment interest, in an amount according to proof;

c)      Permanently enjoining defendants and their respective officers, agents, employees, and those acting in privity with them, from further infringement, including contributory infringement and/or inducing infringement, of U.S. Patent Nos. 5,737,547 C1, 5,742,840, 5,794,061 C1, 5,812,799 C1, 6,006,318 C1, RE39,500 E, 6,725,356 C1, 7,213,131 B2, 7,216,217 B2, 7,260,708 B2, 7,353,367 B2, 7,509,366 B2, 7,653,806 B2, 7,660,972 B2 and 7,660,973 B2, or in the alternative, a post-judgment royalty for post-judgment infringement;

d)      An award of attorney's fees pursuant to 35 U.S.C. § 285 or as otherwise permitted by law; and

e)      For such other costs and further relief as the Court may deem just and proper.

DATED: March 16, 2010

Respectfully Submitted,

/s/ Stephen D. Susman
Stephen D. Susman, Attorney-in-Charge
State Bar No. 1952100
ssusman@susmangodfrey.com
Max L. Tribble, Jr.
State Bar No. 20213950
mtribble@susmangodfrey.com
Joseph S. Grinstein
State Bar No. 24002188
jgrinstein@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone:  (713) 651-9366
Facsimile:   (713) 654-6666

Sidney Calvin Capshaw
State Bar No. 03783900
ccapshaw@capshawlaw.com
CAPSHAW DERIEUX, L.L.P.
1127 Judson Rd - Ste 220
PO Box 3999
Longview, TX 75601-5157
(903) 236-9800
Fax: (903) 236-8787

Otis W. Carroll
State Bar No.00794219
nancy@icklaw.com
IRELAND, CARROLL & KELLEY, P.C.
6101 South Broadway, Suite 500
Tyler, TX 75703
Telephone: (903) 561-1600
Facsimile: (903) 581-1071

Michael F. Heim
State Bar No. 09380923
mheim@hpcllp.com
HEIM, PAYNE & CHORUSH, L.L.P.
600 Travis, Suite 6710
Houston, Texas 77002
Telephone: (713) 221-2000
Facsimile: (713) 221-2021

Douglas R. Wilson
State Bar No. 24037719
dwilson@hpcllp.com
HEIM, PAYNE & CHORUSH, L.L.P.
9442 Capital of Texas Hwy.
Plaza I, Suite 500-146
Austin, Texas 78759
Telephone: (512) 343-3622
Facsimile: (512) 345-2924

George M. Schwab
State Bar No. 58250 (CA)
gschwab@gmspatent.com
LAW OFFICES OF GEORGE M. SCHWAB
235 Montgomery St., Suite 1026
San Francisco, CA 94104
Telephone: (415) 889-5210

Attorneys for MICROUNITY SYSTEMS
ENGINEERING, INC.