**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| MICROUNITY SYSTEMS ENGINEERING, INC. | § § | |
| *Plaintiffs*, | § | |
| v. | § | CASE NO. 2:10-CV-91-TJW-CE |
| | § | |
| ACER INC, *et al.*, | § | |
| *Defendants*. | § | |
| MICROUNITY SYSTEMS ENGINEERING, INC. | § § | |
| *Plaintiffs,* | § § | |
| v. | § § | CASE NO. 2:10-CV-185-TJW-CE |
| ACER INC, et al., et al., | § § | |
| *Defendants.* | § | |

**MEMORANDUM OPINION AND ORDER**

**I.   Introduction**

Before the Court are Defendant Qualcomm Inc.'s ("Qualcomm") Motion to Sever and Stay Certain Claims and Motion to Transfer Venue. (Dkt. Nos. 178, 179 in Case Number 2:10-cv-91; Dkt. Nos. 143, 144 in Case Number 2:10-cv-185.) Other defendants in this case include Apple, Inc. ("Apple"); AT&T Inc. and AT&T Mobility LLC (collectively, "AT&T"); Cellco Partnership ("Cellco"); Google Inc. ("Google"); Exedea, Inc., HTC Corp., and HTC America Inc. (collectively, "HTC"); LG Electronics, Inc. and LG Electronics MobileComm U.S.A., Inc. (collectively, "LG"); Motorola, Inc. ("Motorola"); Nokia Corp. and Nokia Inc. (collectively, "Nokia"); Palm, Inc. ("Palm"); Samsung Electronics Co., Ltd. ("Samsung"); Samsung Semiconductor Inc. ("SSI"); Samsung Telecommunications America, LLC ("STA"); Sprint

Nextel Corporation ("Sprint"); and Texas Instruments Inc. ("TI"). The Court having carefully considered the parties' submissions, the record, and the applicable law, DENIES the motion to sever and stay certain claims. The Court also DENIES the motion to transfer venue to the United States District Court for the Northern District of California ("NDCA") pursuant to 28 U.S.C. § 1404(a). Qualcomm has not met its burden in showing that the transferee venue is "clearly more convenient" than the venue chosen by Plaintiff MicroUnity Systems Engineering, Inc. ("MicroUnity" or "MU"). *See In re Volkswagen of Am., Inc.* ("*Volkswagen III*"), 566 F.3d 1349 (Fed. Cir. 2009); *In re Genentech, Inc.*, 566 F.3d 1338 (Fed. Cir. 2009); *In re TS Tech USA Corp.*, 551 F.3d 1315 (Fed. Cir. 2008); *In re Volkswagen of Am., Inc.* ("*Volkswagen II*"), 545 F.3d 304 (5th Cir. 2008) (en banc).

## II. Factual and Procedural Background

MicroUnity is a corporation organized under the laws of the State of California, with its principal place of business in Santa Clara, California. Defendant Qualcomm, Inc. ("Qualcomm") is a corporation organized under the laws of the state of Delaware, with its principal place of business in San Diego, California. Texas Instruments Inc. ("TI") is a corporation organized and under the laws of the state of Delaware, with its principal place of business in Dallas, Texas, which is within the Northern District of Texas. Samsung Electronics Co., Ltd. ('Samsung") is a public limited company organized under the laws of South Korea, with its principal place of business in Korea. Defendant Samsung Semiconductor, Inc. ("SSI") is a wholly owned subsidiary of Samsung, and is a corporation organized under the laws of the state of California, with its principal place of business in San Jose, California. Samsung Telecommunications America, LLC, ("STA") is wholly owned by Samsung, and is a limited liability company organized under the laws

of the state of Delaware, with its principal place of business in Richardson, Texas, which is within the Eastern District of Texas. Defendant Motorola Mobility, Inc. ("Motorola") is a corporation organized under the laws of the state of Delaware, with its principal place in Libertyville, Illinois. Defendant Nokia Corporation is a corporation organized under the laws of Finland, with its principal place of business in Finland; and Defendant Nokia Inc. is a wholly owned subsidiary of Nokia Corporation, and is a corporation organized under the laws of the state of Delaware, with its principal place of business in Irving, Texas, which is within the Northern District of Texas. Palm, Inc. ("Palm") is a corporation organized under the laws of the state of Delaware, with its principal place of business in Sunnyvale, California. Defendant HTC Corporation, also known as High Tech Computer Corporation, is a public limited liability company organized under the laws of the Republic of China, with its principal place of business in Taiwan; Defendant HTC America, Inc. is a wholly owned subsidiary of HTC Corporation, through an intermediary corporation, and is a corporation organized under the laws of the state of Texas, with its principal place of business in Bellevue, Washington; Defendant Exedea, Inc., is a wholly owned subsidiary of HTC Corporation, through an intermediary corporation, and is a corporation organized under the laws of the state of Texas, with its principal place of business in Houston, Texas, which is within the Southern District of Texas. Google Inc. ("Google") is a corporation organized under the laws of the state of Delaware, with its principal place of business in Mountain View, California. LG Electronics, Inc., is a public limited company organized under the laws of South Korea, with its principal place of business in South Korea; Defendant LG Electronics Mobilecomm U.S.A., Inc. is a wholly owned subsidiary of LG Electronics, Inc., and is a corporation organized under the laws of the state of California with its principal place of business in San Diego, California. Defendant

Apple, Inc. ("Apple") is a corporation organized under the laws of the state of California, with its principal place of business in Cupertino, California. Defendant Cellco Partnership ("Verizon"), doing business as Verizon Wireless, is a general partnership, organized under the laws of the state of Delaware, between Verizon Communications Inc., a corporation organized under the laws of the state of Delaware, and Vodafone Group Plc, a public liability company organized under the laws of the United Kingdom, with Verizon's principal place of business in Basking Ridge, New Jersey. Defendant Sprint Spectrum LP ("Sprint") is a limited partnership organized under the laws of the state of Delaware, with its principal place of business in Overland Park, Kansas. Defendant AT&T Inc. is a corporation organized under the laws of the state of Delaware, with its principal place of business in Dallas, Texas, which is within the Northern District of Texas; Defendant AT&T Mobility LLC is wholly owned by AT&T Inc., and is a limited liability company organized under the laws of the state of Delaware, with its principal place of business in Atlanta, Georgia.

MU filed its first amended complaint in this action on June 3, 2010, alleging infringement by fourteen defendants of fifteen of its patents - RE39,500 and U.S. Patent Nos. 5,737,547; 5,742,840; 5,794,061; 5,812,799; 6,006,318; 6,725,356; 7,213,131; 7,216,217; 7,260,708; 7,353,367; 7,509,366; 7,653,806; 7,660,972; and 7,660,973. On June 3, 2010, MU filed a complaint in *MicroUnity Systems Engineering, Inc. v. Acer Inc.*, Civil No. 2:10-cv-00185 (E.D. of Texas), against the same fourteen defendants alleging infringement of U.S. Patent No. 7,730,287, which issued on June 1, 20I0, and U.S. Patent No. 5,742,840, for which a reexamination certificate issued on May 4, 2010. The Court consolidated the 2:10-cv-00185 case with the 2:10-cv-00091 case on May 3, 2011. (Dkt. No. 206.) The MU patents generally relate to processing different

types of media data, including audio, video, and graphics data, at very high volume in real time. The present issue is Qualcomm's Motion to Sever and Transfer Venue. (Dkt. Nos. 178, 179 in Case Number 2:10-cv-00091; Dkt. Nos.143, 144 in Case Number 2:10-cv-00185.) Qualcomm moves this Court to transfer venue in this case to the Northern District of California after Qualcomm is severed from the other defendants. The following pages outline the Court's analysis.

### III. Analysis

#### A. Applicable Law Regarding Motions to Sever

Before analyzing Qualcomm's motion to transfer, the Court will analyze Qualcomm's motion to sever and stay certain claims. Federal Rule of Civil Procedure 21 states that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." "[A] trial court has broad discretion to sever." *Anderson v. Red River Waterway Comm'n*, 231 F.3d 211, 214 (5th Cir. 2000). Rule 21 should be read in conjunction with Rules 18, 19 and 20, since Rule 21 contains no standards governing its operation, but is invoked when one of the other rules has been violated. *See Pan Am. World Airways v. United States District Court, C.D. Cal.*, 523 F.2d 1073, 1079 (9th Cir. 1975). In the Fifth Circuit, courts look to Rule 20 to determine if parties have been misjoined and should thus be severed under Rule 21. *Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 521 (5th Cir. 2010). Rule 20(a)(2) states:

> Persons . . . may be joined in one action as defendants if:
>
> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2).  Courts have described Rule 20 as creating a two-prong test, allowing joinder of the defendants when (1) their claims arise out of the "same transaction, occurrence, or series of transactions or occurrences" and (2) there is at least one common question of law or fact linking all the claims.  *See Acevedo*, 600 F.3d at 521 (describing the two-prong test for permissive joinder of plaintiffs according to Rule 20(a)(1), which is nearly identical to Rule 20(a)(2)).  "Under the Rules, the impulse is towards entertaining the broadest possible scope of action consistent with fairness of the parties; joinder of claims, parties and remedies is strongly encourages."  *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966).

  **B.**  **Analysis Under Applicable Law for Motions to Sever**

  The Court holds that joinder of all the defendants in this case is proper under the permissive joinder standard in Rule 20.  Thus, the Court DENIES Qualcomm's motion to sever.  The analysis under the two-prong test for Rule 20 is outlined below.

  *1.*  *The "same transaction, occurrence, or series of transactions or occurrences"*

  The first prong of the analysis is to determine whether the claims against the multiple joined defendants arise out of the same transaction, occurrence, or series of transactions or occurrences.  Transactions or occurrences satisfy the series of transactions or occurrences requirement of Rule 20(a) if there is some connection or logical relationship between the various transactions or occurrences.  *Hanley v. First Investors Corp.*, 151 F.R.D. 76, 79 (E.D. Tex.1993).  A logical relationship exists if there is some nucleus of operative facts or law.  *Id.*  At a minimum, the claims against the multiple defendants in this case arise out of the same series of transactions or occurrences.

  Here, a "logical relationship" exists between all of the accused products and services

because infringement for all products and services will involve to some extent their implementation and use of an ARM architecture and instruction set.  ARM, a United Kingdom based company, developed the architecture and instruction set used in all the accused products and services.  For example, the record indicates that the Qualcomm Snapdragon chips are based on ARM's v7 architecture design and the NEON instruction set. (Dkt. No. 182-2 (Qualcomm press release).)  Likewise, the record indicates that TI's OMAP chips use the same technology. (Dkt. No. 182-3 (ARM press release stating that Texas Instruments is the first licensee and ARM's lead Partner in the development of the new Cortex-A8, which is based on ARM'S v7 architecture); Dkt. No. 182-5 (ARM's description of the Cortex-A8 as utilizing ARM's v7 architecture).)  The record also indicates that Apple's A4 also utilizes the same ARM architecture. (Dkt. No. 182-4 (Article stating that the A4 is based on ARM Cortex-A8).)  As does Samsung's 55 processor family. (Dkt. No. 182-6 (Samsung S5PC110/S5PV2I0 brochure).)  MU's infringement contentions will therefore have common questions of fact concerning ARM's architecture and instruction set, which are featured in all of the accused products.  Accordingly, the Court finds that these products are similar enough to satisfy the "nucleus of fact or law" test.

Moreover, MU has brought suit against the various players in these industries that have allegedly worked together to infringe the patents-in-suit.  These players can be broken down into three categories: (1) chip manufacturers that make, have made, and/or sell accused chips; (2) handset manufacturers that make, have made, use, offer for sale, sell, and/or import cell phones, tablet devices, and related software; and (3) carriers that use, offer for sale, sell, and/or import the accused handsets, related services and software.  Certain of the defendants occupy more than one category, and there appears to be considerable overlap.  Therefore, severing this case would

create judicial economy problems that outweigh any alleged inconvenience to Qualcomm of presenting its defenses along with the other defendants at trial. It would require conducting two duplicative proceeding that could prejudice MU, burden the federal court system, and creates an unnecessary risk of inconsistent rulings and judgments.

In addition, as noted above, this Court has broad discretion to sever and the Supreme Court encourages joinder of claims. Therefore, due to the many "transactions or occurrences" that overlap and are common between the parties, this prong of the analysis does not warrant severance.

   2.   *"at least one common question of law or fact linking all the claims"*

The Court finds that there are many common questions of law and fact linking all the claims in this case. For instance, all of the Defendants are accused of infringing at least one of the same patents-at-issue. In addition, as discussed above, MU's infringement contentions will have common questions of fact concerning ARM's architecture and instruction set, which are featured in all of the accused products. Accordingly, the Court concludes that the two-prong test is satisfied and does not warrant severance, the Court DENIES Qualcomm's motion to sever.

   C.   **Applicable Law Regarding Motions to Stay**

The district court has the inherent power to control its own docket, including the power to stay proceedings. *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). How to best manage the court's docket "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 254-55. In determining whether a stay is warranted, courts may consider: "(1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party, (2) whether a stay will simplify the issues in

question and trial of the case, and (3) whether discovery is complete and whether a trial date has been set." *Soverain Software LLC v. Amazon.com, Inc.*, 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005) (discussing factors courts typically consider when determining whether to stay litigation pending reexamination).

### D.   Analysis Under Applicable Law for Motions to Sever

Qualcomm requests a stay of the infringement claims, and any related counterclaims, against Defendants that allegedly manufacture and/or sell cellular phones or other devices that incorporate the Qualcomm Processor (namely, HTC, Google, and LG) pending resolution of the claims against Qualcomm and a stay of claims against Defendants that are merely the resellers of accused cellular phones and other devices (namely, Cellco, AT&T, and Sprint) pending resolution of the infringement claims against Defendants that allegedly manufacture the processors incorporated into the accused cellular phones and other devices that each of these reseller-Defendants allegedly sells (namely, Qualcomm, TI, Samsung, or SSI).

The Court finds that staying MU's claims against the Qualcomm handset manufacturers and carriers would not enhance judicial economy and will further prejudice MU.   It would require MU to relitigate its claims and duplicate effort in two or more nearly identical proceedings against Qualcomm and its handset manufacturers and carriers.   In addition, it appears to the Court that MU has asserted some claims against the Qualcomm handset manufacturers that it will not assert directly against Qualcomm.   For example, MU has alleged that the Qualcomm handset manufacturers and carriers directly infringe some of the patents-in-suit or induce customers to use services that infringe.   Dkt. No. 72 at ¶56 ("Motorola, Nokia, Palm, Samsung, STA, Acer, HTC, Google, and LG have infringed and continue to infringe one or more claims of the '500 patent by

9

… providing software for use on such cell phones and other products"), ¶57 ("Verizon, AT&T and Sprint have infringed and continue to infringe one or more claims of the '500 patent by. . . their knowingly contributing to and inducing their customers to purchase and use services which practice processes that infringe"), ¶¶ 63-64,82, 87-88, 94,106.  In other words, these claims are not based solely on a showing that Qualcomm is liable for infringement of MU's patents. Therefore, there is no reason to stay these claims against the Qualcomm handset manufacturers and carriers because adjudicating MU's claims against Qualcomm will not resolve these claims. Instead, it would require conducting two duplicative proceeding that could prejudice MU, burden the federal court system, and creates an unnecessary risk of inconsistent rulings and judgments. Thus, the Court finds that a stay would further prejudice MU and not enhance judicial economy. Accordingly, the Court DENIES Qualcomm's motion to stay certain claims.

    E.  **Applicable Law Regarding Motions to Transfer**

"For the convenience of parties, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).  The Fifth and Federal Circuits have enunciated the standard to be used in deciding motions to transfer venue.  *See Volkswagen III*, 566 F.3d 1349; *In re Genentech.*, 566 F.3d 1338; *In re TS Tech USA Corp.*, 551 F.3d 1315 (applying the Fifth Circuit's en banc *Volkswagen II* decision to rulings on transfer motions out of this Circuit); *Volkswagen II*, 545 F.3d 304.  The moving party must show "good cause," and this burden is satisfied "when the movant demonstrates that the transferee venue is clearly more convenient."  *Volkswagen II*, 545 F.3d at 314.

The initial threshold question is whether the suit could have been brought in the proposed transferee district. *In re Volkswagen AG* ("*Volkswagen I*"), 371 F.3d 201, 203 (5th Cir. 2004). If the transferee district is a proper venue, then the court must weigh the relative conveniences of the current district against the transferee district. In making the convenience determination, the Fifth Circuit considers several private and public interest factors, none of which are given dispositive weight. *Id.* The private interest factors are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of non-party witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. *Volkswagen II*, 545 F.3d at 315. "The public interest factors are: '(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [in] the application of foreign law.'" *Id.* (quoting *Volkswagen I*, 371 F.3d at 203).

    **F.**    **Proper Venue**

The threshold "determination to be made is whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed" in the first place. *Volkswagen I*, 371 F.3d at 203. Neither party disputes that this case could have been brought in the Northern District of California, and this Court agrees. Thus, the threshold determination is met in this case.

    **G.**    **Private/Public Interest Factor Analysis for a Motion to Transfer Venue**

After denying Qualcomm's motion to sever, it is clear Qualcomm's motion to transfer venue should also be denied. *See MyMail, Ltd. v. America Online, Inc.*, 223 F.R.D. 454, 458

(E.D. Tex. 2004) ("Because the Court DENIES the motion to sever, it also DENIES the UOL Defendants' transfer motion."). Qualcomm does not provide any proof, such as affidavits or declarations, concerning the locations of witnesses, documents, and other relevant information for the other defendants in this lawsuit. Moreover, regarding the other defendants, it appears at first glance that this case would not warrant transfer to the Northern District of California in any event. For example, Samsung Telecommunications America, LLC, ("STA") is headquartered within the Eastern District of Texas. Defendants Texas Instruments Inc. ("TI") and AT&T Inc. are located in Dallas, Texas, which is much closer to the Eastern District of Texas than the Northern District of California. Defendant Nokia Inc. is located in Irving, Texas, which is much closer to the Eastern District of Texas than the Northern District of California. Defendant Exedea, Inc. is located in Houston, Texas, which is much closer to the Eastern District of Texas than the Northern District of California. Sprint is located in Kansas, which is also closer to the Eastern District of Texas.

Granted there are also defendants located in California, which are unquestionably closer to the Northern District of California than to the Eastern District of Texas, but because the Court has denied Qualcomm's motion to sever, when Defendants are considered as a whole, the Eastern District of Texas is more convenient than the Northern District of California. With this in mind, the Court will now turn to the private and public interest factors as they relate to Qualcomm.

### H. Private Interest Factors

#### 1. Relative Ease of Access to Sources of Proof

Qualcomm argues that this factor favors transfer because both Plaintiff and Qualcomm reside in or near the NDCA, and Qualcomm is unaware of any documents relevant to the Qualcomm claims located in the EDTX. MU responds that sources of proof for Qualcomm may

12

be located in Qualcomm's Austin, Texas office, and that Qualcomm improperly seeks to disregard its own operations in Texas, even though they are relevant to the Court's venue analysis. Qualcomm does not deny that there are employees located in Qualcomm's Austin office that may have relevant information. (Dkt. No. 186 at 3.) Instead, Qualcomm argues that there may be as many as 500 Qualcomm employees who may have relevant information concerning the Qualcomm claims located in its California offices. Based on the conflicting evidence, it appears to the Court that there are significant sources of proof in both districts. Thus, the Court finds that this factor is neutral.

### 2. *Availability of Compulsory Process*

Federal Rule of Civil Procedure 45(b)(2) governs the places where a subpoena issued by a court of the United States may be served. A court's subpoena power is subject to Rule 45(c)(3)(A)(ii), which protects nonparty witnesses who work or reside more than 100 miles from the courthouse. *See In re Volkswagen*, 545 F.3d at 316. Qualcomm contends that there are at least two third-party witnesses that are likely to have relevant information concerning Qualcomm's inequitable conduct allegations, four authors of prior art references that Qualcomm plans to use in its invalidity allegations, and relevant former employees of MU that are likely to be located in the Northern District of California. MU responds that the current and former ARM employees or TI employees who have knowledge of the technology at issue in this case are likely to be in Texas, and that all of MU's officers and employees are willing to appear in this district to testify. Based on the conflicting evidence, it appears to the Court that both districts will have "absolute" subpoena power over a number of witnesses. Thus, the Court finds that this factor is neutral.

       3.    *Cost of Attendance for Willing Witnesses*

The Fifth Circuit has established a threshold of 100 miles when giving substantial weight to this factor. *See In re Volkswagen*, 371 F.3d at 204-05. ("When the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be travelled."). The Court reasoned that "[a]dditional distance means additional travel time; additional travel time increases the probability for meal and lodging expenses; and additional travel time with overnight stays increases the time which these fact witnesses must be away from their regular employment." *Id.* Qualcomm contends that the NDCA is more convenient for a substantial number of party witnesses. Qualcomm also contends that it is unaware of any employee witnesses for Qualcomm located within 100 miles of the courthouse in Marshall, Texas. MU responds that the Snapdragon technology was developed at Qualcomm's North Carolina office and that North Carolina is closer to the Eastern District of Texas than the Northern District of California. Qualcomm does not deny that the Snapdragon technology was developed in its North Carolina office. Instead, it responds that its employees in North Carolina also regularly travel to California to work out of Qualcomm offices. Based on the conflicting evidence, it appears to the Court that neither district offers a significant cost savings for witnesses willing to attend. Thus, the Court finds that this factor is neutral.

       4.    *Other Practical Problems*

Practical problems include issues of judicial economy, and the Court concludes this factor is neutral. The Court often considers the possibility of delay and prejudice if transfer is granted, but delay and prejudice associated with transfer is relevant "in rare and special circumstances" and

only if "such circumstances are established by clear and convincing evidence." *ICHL, LLC v. NEC Corp. of America*, No. 5:08-cv-65, 2009 WL 1748573, at *12 (E.D. Tex. June 19, 2009) (quoting *In re Horseshoe*, 337 F.3d 429, 434 (5th Cir. 2003)). The parties have identified no "special circumstances," such as the possibility of delay or prejudice. Thus, the Court finds that this factor is neutral.

### I.     Public Interest Factors

#### 5.     *Court Congestion*

The Court may consider how quickly a case will come to trial and be resolved. *See Ray Mart, Inc. v. Stock Building Supply of Tex., LP*, 435 F. Supp. 2d 578, 595 (E.D. Tex. 2006). This factor is the most speculative, however, and in situations where several relevant factors weigh in favor of transfer and others are neutral, the speed of the transferee district court should not alone outweigh all of the other factors. *See id.*; *see also In re Genentech, Inc.*, 566 F.3d 1338, 1347 (Fed. Cir. 2009) (applying Fifth Circuit law). Qualcomm presents statistics from the 2009 Federal Court Management Statistics that indicate that the median time from filing to the beginning of trial on the merits is 24.5 months in the NDCA, compared to 25 months in the EDTX. Qualcomm then suggests that the anticipated time to trial, therefore, weighs slightly in favor of the NDCA. The Court disagrees and finds that this factor is neutral. Especially given that Qualcomm requested and was granted a three-month extension to file an answer. (Dkt. Nos. 41, 44.) In the light of Qualcomm's own actions, a "statistical" difference of 0.5 months is insignificant when compared to the 3.0 month extension requested by Qualcomm.

15

6.  *Local Interest*

Transfer is appropriate where none of the operative facts occurred in the division and where the division had no particular local interest in the outcome of the case. *See In re Volkswagen,* 545 F.3d at 318. In such a case, courts may look to where the incident occurred, where the witnesses live, where the evidence is located, and where the parties live. *Id.* Qualcomm contends that the residents of the NDCA have a substantial interest in this dispute because the MU resides in the NDCA and the technology underlying the patents-in-suit was developed there. MU responds that Qualcomm maintains a significant presence in Texas through its Austin facility and its operations. MU also argues that Qualcomm also does a substantial amount of business with Samsung and STA, which resides in the Eastern District of Texas, and that ARM technology common to all of the infringing products was developed by ARM in Texas in partnership with TI, and is being sold to companies headquartered in this District. The Court finds that residents in both the Northern District of California and Eastern District of Texas have a substantial interest and that this factor neutral.

7.  *Familiarity with the Governing Law*

One of the public interest factors is "the familiarity of the forum with the law that will govern the case." *Volkswagen I*, 371 F.3d at 203. Both the Northern District of California and the Eastern District of Texas are equally capable of applying the relevant law in this case. Thus, this factor is neutral.

8.  *Avoidance of Conflict of Laws*

The Court finds that this factor is inapplicable in this transfer analysis.

### III.  Conclusion

For the foregoing reasons, the Court DENIES Defendant Qualcomm's Motion to Sever and Stay Certain Claims.  The Court also DENIES Qualcomm's Motion to Transfer Venue to the Northern District of California because Qualcomm has not met its burden in showing the transferee venue is "clearly more convenient" than the venue chosen by MU.

It is so ORDERED.

SIGNED this 30th day of September, 2011.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE