IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| MICRUNITY SYSTEMS ENGINEERING, INC. | § § § | |
| v. | § § § | CASE NO. 2:10-CV-91 CONSOLIDATED PATENT CASE |
| ACER INC., ET AL. | § | |

**ORDER**

Currently before the Court is "Qualcomm Inc.'s Motion For Reconsideration Of This Court's Order (Docket No. 324) Denying Qualcomm's Motion To Sever Certain Claims" (Dkt. No. 430). The motion asserts that this Court's prior ruling denying Qualcomm's October 18, 2010 motion to sever must be reconsidered in light of a subsequent ruling by the Federal Circuit Court of Appeals.

Qualcomm argues that this Court applied the wrong legal standard to the earlier motion to sever. Much of the briefing is devoted to dissecting that earlier ruling to determine its basis. Clearly, the Court applied the proper law in reviewing joinder of parties, as it expressly relied upon Federal Rules of Civil Procedure 20 and 21, which have not changed. However, it is also clear that the Court did not employ the precise analysis laid out by the Federal Circuit in its opinion in *In re EMC Corp.,* 677 F.3d 1351(Fed. Cir. 2012), which was not announced until more than 7 months after the ruling. The question is not how the Court's ruling compares to the analysis articulated in *EMC,* but whether Qualcomm has shown that the use of that new analysis would lead to a different result.

## APPLICABLE LAW

Defendants may be joined in one action "if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences." FED. R. CIV. P. 20(a)(2). The Federal Circuit recently clarified that, in patent cases, "joinder is not appropriate where different products and processes are involved." *In re EMC Corp.*, 677 F.3d at 1359. "Unless there is an actual link between the facts underlying each claim of infringement, independently developed products using differently sourced parts are not part of the same transaction, even if they are coincidentally identical." *Id*. The "mere fact that infringement of the same claims of the same patent is alleged does not support joinder, even though the claims would raise common questions of claim construction and patent invalidity." *Id*. at 1357.

However, the Federal Circuit also made clear *In re EMC* is not an absolute bar to joinder. Rather, "the fact that the defendants are independent actors does not preclude joinder as long as their actions are part of the 'same transaction, occurrence, or series of transactions or occurrences.'" *In re EMC*, 677 F.3d at 1356. The "transaction or occurrence" test is applied on a case-by-case basis "based on a flexib[le] . . . standard [that] enables the federal courts to promote judicial economy by permitting all reasonably related claims for relief by or against different parties to be tried in a single proceeding under the provisions of Rule 20." *Id*.

Qualcomm argues it is entitled to severance because common questions of fact and law are missing between all Defendants. *EMC* requires both: (1) products or processes that are the same in respects relevant to the patent; and (2) an "actual link between the facts underlying each claim of infringement." Id.; *see also Negotiated Data Solutions v. Apple, Inc.*, 2012 U.S. Dist. LEXIS 174839, *6 (E.D. Tex. Dec. 2012) (Gilstrap, J.).

Mere commonality of accused products or processes is not enough. There must also be an "actual link" between the facts underlying each claim of infringement. "[I]ndependently developed products using differently sourced parts are not part of the same transaction, even if they are otherwise coincidentally identical." *In re EMC*, 677 F.3d at 1359. Relevant factors in considering whether joinder is proper include: (1) the temporal proximity of alleged infringement; (2) the relationship among defendants; (3) the use of common components in the accused products; (4) licensing or technology agreements between defendants; (5) shared development and manufacturing; and (6) whether the damages sought are based on lost profits. *Id*. at 1359–60. It takes a "substantial evidentiary overlap in the facts giving rise to the cause of action against each defendant" so that the individual claims of infringement "share an aggregate of operative facts." *Id.* at 1358.

## ANALYSIS

Unlike the district court in the *EMC* case, this Court found in denying Qualcomm's motion to sever that a "logical relationship" "exists between all of the accused products and services because infringement for all products and services will involve to some extent their implementation and use of an ARM architecture and instruction set." (Dkt. No. 324 at 7.) The fact that the *extent* of reliance upon the common ARM architecture and instruction set may vary between accused products and services, does not change the fact that they *all* share that common aggregate of operative facts. This is very different from the conclusion in *EMC* that the accused services were "not dramatically different." *Id.* at 1354. This common architecture and instruction set, which directly relate to plaintiff's theory of infringement, satisfies the requirement of arising out of a series of transactions or occurrences under Rule 20. As further support for this logical relationship, plaintiff cites its contention that "the various players in these

industries . . . have allegedly worked together to infringe the patents-in-suit." (Dkt. No. 324 at 7).

The second requirement of Rule 20, that there be "any question of law or fact common to all defendants," is satisfied by the finding that "MU's infringement contentions will have common questions of fact concerning ARM's architecture and instruction set, which are featured in all of the accused products." (Dkt. No. 324 at 8).

Thus, the Court finds that the earlier ruling comports entirely with the more focused and precise standard set down by the Federal Circuit in *EMC*. Accordingly, the earlier ruling denying severance is reaffirmed.[1]

Accordingly, **IT IS ORDERED** that Qualcomm Inc.'s Motion For Reconsideration Of This Court's Order (Docket No. 324) Denying Qualcomm's Motion To Sever Certain Claims (Dkt. No. 430) is **DENIED**.

**SIGNED** this 26th day of March, 2013.

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE

---

[1] To the extent that movant is concerned about possible prejudice from a joint trial with other defendants or claims—a concern not clearly addressed in the motion before the Court—those concerns should be articulated and will be addressed in the pretrial process.